FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 22, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GUENTER: SCHIER (DECEASED WASHINGTON STATE LAND OWNER MISNOMERED AS SCHIER, GUENTER W. SCHIER, ALSO SHOWN OF RECORD AS GUENTER WERNER) "DECEDENT"); KELSEY: SCHIER, ("Heir/Beneficiary), <br><br> Claimant, <br><br> v. <br><br> OPTION ONE MORTGAGE LOAN TRUST 2007-4 ASSET-BACKED CERTIFICATES, SERIES 2007-4; WELLS FARGO, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-4, ASSET-BACKED CERTIFICATES, SERIES 2007-4, NEWREZ MORTGAGE, LLC; PHH MORTGAGE SERVICES, INC.; COVIUS d/b/a Nationwide Title Clearing, LLC et al; WESTERN PROGRESSIVE; NETTY BANGALA, VICE PRESIDENT OF SAND CANYON CORPORATION f/k/a Option One Mortgage Corporation ("Robo-Signor"), <br><br> Defendants. | No. 1:24-CV-03029-SAB <br><br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1**

Before the Court are Defendants' Motion to Dismiss Plaintiff's Complaint, ECF No. 21; Plaintiff's Motion to Overrule or Sustane [sic], ECF No. 24, Plaintiff's Motion to Hear Motion to Dismiss ECS21 and Response to Motions to Dismiss ECS 31 with Oral Argument, ECF No. 32, and Motion to Expedite, ECF No. 33. The motions were heard without oral argument.[1]

Plaintiff is proceeding *pro se*. Defendants are represented by Nicholas Reynolds and Robert Wayne Norman Jr.

Plaintiff filed his Complaint on February 28, 2024. It appears that Plaintiff is seeking to stop the foreclosure of property that had been purchased by Plaintiff's father, Guenter W. Schier. Mr. G. Shier had a mortgage that was secured by a Deed of Trust. Mr. G. Schier passed away on or about January 31, 2023.[2] No payments have been made on the mortgage loan since February 1, 2023. Plaintiff is bringing the following claims: (1) violation of the federal Real Estate Settlement Procedures Act; (2) violation of the Fair Credit Reporting Act; (3) violation of the Fair Debt Collection Practices Act; (4) Quiet Title; (5) Permanent Injunctive Relief; (6) violation of the Washington Consumer Protection Act; and (7) common law fraud.

---

[1] The Court has determined that oral argument is not necessary. *See* Local Rule 7(i)(3)(iii). Therefore, Plaintiff's Motion for Oral Argument, ECF No. 32, is dismissed as moot.

[2] Plaintiff indicates that he is the "attorney-in-fact" representing the interests of the Estate of Guenter W. Schier. Plaintiff does not appear to be a licensed member of the Washington State Bar Association or the Federal bar. Under Local Rule 83.6, Plaintiff, appearing pro se, is not permitted to represent the Estate of Guenter W. Schier. *See also Johns v. County of San Diego*, 114 F.3d 8974, 876-877 (9th Cir. 1997) (explaining a non-attorney may appear pro se on his own behalf but has not authority to appear as an attorney for others).

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 2**

Defendants assert this Court does not possess subject matter jurisdiction over this action because of Plaintiff's lack of standing. The Court agrees. Here, Defendants have shown that Plaintiff did not obtain letters of administration and no personal representative of the estate was appointed by the state courts. Until an estate is closed, the heirs may not treat estate real property as their own. *In re Estate of Jones*, 152 Wash.2d 1, 14 (2004). As such, Plaintiff lacks standing to bring this action on behalf of the Estate of Schier as a matter of law.[3] And Plaintiff has no standing to bring this action on behalf of himself.

In addition, Plaintiff failed to properly serve Defendant Wells Fargo Bank, Defendant NewRez LLC, PHH Mortgage Corporation, Defendant Western Progressive, and Defendant Netty Bangala. A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4. *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (noting that in the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process). In response to Defendants' assertions that Plaintiff failed to properly serve them, Plaintiff submitted Declarations of Due Diligence and Proof of Service. ECF Nos. 25-30. However, these Declarations do not establish that the above-named Defendants were properly served.

Finally, the claims for relief set forth in Plaintiff's Complaint do not adequately plead specific facts necessary to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

The Court grants Defendants' Motion to Dismiss. In addition, the Court

---

[3] The Court rejects Plaintiff's argument that probate was not necessary because both he and his father have the right to adverse possession, presumably of the property that is subject to the Deed of Trust.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3**

declines to grant Plaintiff leave to amend his Complaint. Plaintiff lacks standing to bring an action on behalf of his father's Estate. His Complaint cannot possibly be cured by allegations of additional facts. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, ECF No. 21, is **GRANTED**.
2. All pending motions are denied as moot.
3. The Clerk of Court is directed to **close** the file.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to Plaintiff and counsel, and **close** the file.

**DATED** this 22nd day of May 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 4**